# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. CR-11-320-M |
| | ) | (CIV-13-661-M) |
| NOLAN MAC NEWKIRK, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

## ORDER

Defendant-Movant Nolan Mac Newkirk ("Newkirk"), a federal prisoner, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on June 25, 2013. On July 12, 2013, plaintiff-respondent United States of America filed its response to Newkirk's motion, and on August 1, 2013, Newkirk filed his reply.

I.  Background

On October 4, 2011, Newkirk was charged in a seven-count Indictment with attempted transfer of obscene material to a minor, distribution of child pornography, and possession of child pornography. On December 19, 2011, pursuant to a plea agreement, Newkirk pled guilty to Counts 1 and 7 of the Indictment. On June 21, 2012, Newkirk was sentenced to a bottom-of-the-guidelines sentence of 120 months' imprisonment for Count 1 and 15 months' imprisonment for Count 7, to be served consecutively. Newkirk did not appeal his sentence or conviction.

II. Discussion

As grounds for his § 2255 motion, Newkirk asserts ineffective assistance of counsel. Specifically, Newkirk asserts that his counsel was ineffective at sentencing by failing to present mitigating arguments or object in response to the sentence and/or the explanation given by the Court for the imposed sentence and by failing to verbally object to controverted matters in the presentence

report. The government asserts Newkirk's motion should be denied because his motion is barred by his collateral-attack waiver contained in his plea agreement.

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). However, "a plea agreement waiver of post conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *Id.* at 1187. "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." *Id.* Because Newkirk's ineffective assistance of counsel claims do not challenge the validity of his plea or waiver of post conviction rights, the Court finds that the *Cockerham* exception does not apply in this case and that Newkirk's ineffective assistance of counsel claims are waivable.

The Tenth Circuit has adopted a three-prong analysis for evaluating the enforceability of a plea agreement containing a waiver of appellate rights. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).[1] When assessing the enforceability of a plea agreement containing a waiver of rights, courts must determine: "(1) whether the disputed [issue] falls within the scope of the waiver . . .; (2) whether the defendant knowingly and voluntarily waived his . . . rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *Id.* at 1325.

---

[1] The same standard applies to waivers of collateral review. *United States v. Wales*, No. 05-3445, 2006 WL 950655, at *2 (10th Cir. April 13, 2006).

A.  Scope of the Waiver

In determining the scope of a waiver of collateral rights, a court strictly construes the language thereof and resolves any ambiguities against the government. *Id.*

Paragraph 7 of Newkirk's plea agreement provides:

> 7. Defendant understands that the Court will consider those factors in Title 18, United States Code, Section 3553(a) in determining his sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which he is pleading guilty. Defendant further understands that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, gives him the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, defendant, in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to:
>     a. Appeal or collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions and any other pretrial dispositions of motions and issues;
>     b. Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 6.
>     c. It is provided that defendant specifically does not waive the right to appeal a sentence above the advisory sentencing guideline range as determined by the Court to apply to this case.

Plea Agreement at ¶ 7 [docket no. 20].

The Court finds that the above-quoted provision effects a broad and unambiguous waiver of Newkirk's appeal and collateral attack rights. The Court further finds that Newkirk's claims of ineffective assistance of counsel asserted in his § 2255 motion fall within his waiver of collateral attack rights, and specifically within paragraph 7 of the Plea Agreement.

B. Knowing and Voluntary

Under the second prong of its analysis, the Court must determine whether Newkirk's plea and waiver were made knowingly and voluntarily. Newkirk bears the burden to show that he did not knowingly and voluntarily enter into his plea agreement. *See Hahn*, 359 F.3d at 1329 (citing *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003)). When deciding whether a waiver is knowing and voluntary, the Court looks to two factors: (1) whether the plea agreement "states that the defendant entered the agreement knowingly and voluntarily," *id.* at 1325; and (2) whether the waiver was adequately explained to the defendant during a Federal Rule of Criminal Procedure 11 colloquy. *Id.* In this case, the plea agreement expressly provides that Newkirk "knowingly and voluntarily waives his right to . . . [a]ppeal or collaterally challenge" his conviction and sentence. Plea Agreement at ¶ 7. The plea agreement further provides, in the paragraph immediately preceding Newkirk and his attorney's signatures, that "defendant acknowledges that he has discussed [the plea agreement's] terms with his attorney and understands and accepts those terms." *Id.* at ¶ 13.

Additionally, the Court finds that the record of the Rule 11 colloquy of Newkirk's guilty plea shows unequivocally that Newkirk knowingly and voluntarily tendered his plea of guilty pursuant to the plea agreement. During his change of plea hearing, the Assistant United States Attorney prosecuting the case summarized the relevant terms and conditions of the plea agreement, in pertinent part, as follows:

> In paragraph seven, the Defendant waives his right to appeal, or collaterally challenge his guilty plea, his sentence and restitution imposed, and any other aspect of his conviction, and his right to appeal or collaterally challenge or move to modify his sentence in the manner it was determined, so long as it is within, or below the

4

> guidelines. He can, however, appeal a sentence that is above the guidelines.

Transcript of Change of Plea at 9, lns. 12-18.

The Court then questioned defendant's counsel as to the Assistant United States Attorney's summation of the agreement, and defendant's counsel stated that it was an accurate representation of the plea agreement. *Id.* at 10, lns. 13-17. The Court then engaged in the following colloquy with Newkirk:

> THE COURT: Mr. Newkirk, I would ask you the same thing. Are the terms recited here in open court your understanding of the terms of the plea agreement?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: You understand the Court is not bound to the agreement?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Let me ask you to tell me in your own words what – I'm sure Mr. Wyatt has gone over this with you, Mr. Hale just mentioned it – one of the terms concerning your waiver of your right to appeal or to collaterally challenge the sentence of the Court, except under limited circumstances. Can you tell me what you agreed to in that regard?
>
> THE DEFENDANT: In rough terms, I understand that if my sentence is above what the Sentencing Guidelines are, then I may appeal my sentencing, but under no other circumstances.

*Id.* at 10-11.

In light of the above, the Court finds that Newkirk knowingly and voluntarily entered into his plea agreement and knowingly and voluntarily waived his right to collaterally challenge his sentence and conviction.

C. Miscarriage of Justice

The third prong of the Court's analysis requires that it determine "whether enforcing the waiver will result in a miscarriage of justice." *Hahn*, 359 F.3d at 1327. A "miscarriage of justice" results only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)). A waiver is "otherwise unlawful" only if the court committed plain error that affects a defendant's "substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993); *see also Hahn*, 359 F.3d at 1327, 1329. To affect a defendant's "substantial rights," the error must seriously affect "the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (internal quotations omitted); *see also Hahn*, 359 F.3d at 1327, 1329.

The Court begins by noting that Newkirk has not alleged the Court relied upon any impermissible factor at sentencing, that Newkirk has not alleged ineffective assistance of counsel in connection with the negotiation of the waiver, and that Newkirk's sentence does not exceed the statutory maximum. The Court further notes that Newkirk has not specifically alleged that enforcing his waiver of collateral attack rights will result in a miscarriage of justice. Additionally, after carefully reviewing the parties' submissions, the Court independently concludes that enforcement of Newkirk's collateral attack waiver will not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

III. Conclusion

Accordingly, for the reasons set forth above, the Court finds that Newkirk's waiver of his right to collaterally challenge his conviction and sentence should be enforced and that the claims Newkirk asserts in his § 2255 motion should be dismissed. The Court, therefore, DISMISSES Newkirk's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 21st day of August, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE